NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
ROEL NAPICOL OLAVIDES,             :
A070-910-047,                      :
                                   :
                Plaintiff,     :     Civil Action No. 11-0547 (JAP)
     v.                           :
                                   :
JANET NAPOLITANO, SECRETARY,       :     **OPINION**
UNITED STATES DEPARTMENT OF        :
HOMELAND SECURITY, et al.,         :
                                   :
                Defendants.    :
_____:

PISANO, District Judge.

      Plaintiff Roel Napicol Olavides brings this action seeking a declaration that he is eligible for a waiver of inadmissibility under Section 212(i) of the Immigration and Nationality Act ("INA").  Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the reasons below, the Court will grant Defendants' motion.

**I.    BACKGROUND**[1]

      Plaintiff is a native and citizen of the Philippines.  He entered the United States on or about May 31, 1990, and was later found to be inadmissible under Section 212(a)(6)(C)(i) of the INA, 8 U.S.C. § 1182(a)(6)(C)(i), for seeking to procure admission to the United States through fraud or misrepresentation.  Following his marriage to a United States citizen on March 8, 2002, Plaintiff submitted an application to United States Citizenship and Immigration Services

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint.  *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996).  Accordingly, the facts recited herein are taken from the complaint unless otherwise indicated; they do not represent this Court's factual findings.

("USCIS") for adjustment of status pursuant to 8 U.S.C. § 1255 and for a waiver of inadmissibility pursuant to INA Section 212(i), 8 U.S.C. § 1182(i).

The Newark Field Office denied Plaintiff's applications in February and March 2008, respectively. In denying his application for a waiver of inadmissibility, the Field Office Director concluded that Plaintiff failed to establish that a bar to his admission would result in "extreme hardship" to his wife as defined in 8 U.S.C. § 1182(i). On appeal, the Administrative Appeals Office ("AAO") reached the same conclusion, determining that Plaintiff had not met his burden of establishing "extreme hardship" to his wife. Thus, the AAO dismissed Plaintiff's appeal.

On January 28, 2011, Plaintiff filed a complaint in this Court. Therein, he seeks a declaration that he is eligible for a waiver of inadmissibility based upon demonstrated "extreme hardship" to his wife. He challenges the USCIS' determinations that he had not met his burden of establishing that a waiver of inadmissibility was warranted, and asserts that those determinations were based upon a misinterpretation of the term "extreme hardship."

On June 24, 2011, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend that the Court lacks jurisdiction over Plaintiff's complaint because he seeks review of the USCIS' factual and discretionary determinations, and because Plaintiff is in deportation proceedings, *see* Owen Decl., Ex. B, and therefore has not exhausted his administrative remedies. Additionally, Defendants assert that Plaintiff's complaint should be dismissed because it is comprised of mere labels and conclusions, and thus fails to state a claim upon which relief can be granted. Plaintiff did not file an opposition to Defendants' motion.

## II.     STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction.  Challenges to jurisdiction under 12(b)(1) may be either facial or factual.  *Petruska v. Gannon Univ.,* 462 F.3d 294, 302 n.3 (3d Cir. 2006).  A facial attack challenges the sufficiency of the pleadings, and the trial court "must consider the allegations of the complaint as true."  *Id.*  However, in a factual attack, plaintiff's allegations are afforded no presumption of truthfulness,  *id.*, and the trial court may review evidence outside the pleadings.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  The plaintiff bears the burden of establishing that jurisdiction exists.  *Petruska*, 462 F.3d at 302 n.3.

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50)).

## III. ANALYSIS

As the first basis for dismissing Plaintiff's complaint, Defendants assert that this Court lacks jurisdiction to review the factual and discretionary determinations of the USCIS in denying Plaintiff's application for a waiver of inadmissibility. Under 8 U.S.C. § 1182(i), the Attorney General[2] is afforded discretion to waive the inadmissibility of an individual "who is the spouse, son, or daughter of a United States citizen . . . if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse." Pursuant to 8 U.S.C. § 1182(i)(2), no court has jurisdiction to review that determination. *See* 8 U.S.C. § 1182(i)(2) ("[n]o court shall have jurisdiction to review a decision or action of the Attorney

---

[2] Pursuant to the Homeland Security Act, the authority of the Attorney General was transferred to the Secretary of the Department of Homeland Security.

4

General regarding a waiver under paragraph (1)."). Similarly, 8 U.S.C. § 1252(a)(2)(B)(i) provides that "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1182(i)."

Here, therefore, the Court lacks jurisdiction to review the USCIS' denial of discretionary relief under 8 U.S.C. § 1182(i). As the plain language of sections 1182(i)(2) and 1252(a)(2)(B)(i) makes clear, decisions granting or denying waivers of inadmissibility are not subject to judicial review. Indeed, courts have consistently held that they lack jurisdiction to review "hardship" determinations such as those made by the USCIS in the instant case. *See, e.g., Jiminez v. Attorney General*, 358 F. App'x 355, 356-57 (3d Cir. 2009); *Cospito v. Attorney General*, 539 F.3d 166, 170 (3d Cir. 2008); *Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010); *Rodrigues-Nascimento v. Gonzales*, 485 F.3d 60, 62 (1st Cir. 2007); *Camara v. Dep't of Homeland Sec.*, 497 F.3d 121, 124 (2d Cir. 2007).

Plaintiff seeks to overcome this jurisdictional hurdle by asserting in his complaint that the USCIS' errors involved matters of statutory interpretation and questions of law. As an initial matter, although 8 U.S.C. § 1252(a)(2)(D) provides for jurisdiction where questions of law or constitutional claims are involved, that jurisdiction is conferred upon the "appropriate court of appeals," not district courts. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."). Moreover, judicial review is not appropriate simply because the plaintiff "attach[es] a particular label to the claim." *Cospito*, 539 F.3d at 170 (further noting that any asserted legal question must be "colorable").

Here, Plaintiff's complaint centers on the USCIS' application of the "extreme hardship" standard and takes issues with its decisions that Plaintiff failed to meet that standard.[3] Thus, Plaintiff's claims involve no more than a challenge to the USCIS' factual and discretionary determinations—determinations that this Court expressly lacks jurisdiction to review. *See* 8 U.S.C. § 1182(i)(2); 8 U.S.C. § 1252(a)(2)(B)(i). Accordingly, Plaintiff's attempt to frame his complaint in a manner that overcomes the jurisdictional bars is rejected, and his complaint must be dismissed.

In addition to being unreviewable under sections 1182(i)(2) and 1252(a)(2)(B)(i), the Court further notes that Plaintiff's claims warrant dismissal because his deportation proceedings have been reopened. *See* Owen Decl., Ex. B. In that regard, this Court lacks jurisdiction to review the USCIS' determinations because there has been no "final agency action" within the meaning of the Administrative Procedure Act, 5 U.S.C § 704. *See Pinho v. Attorney General*, 432 F.3d 193, 200 (3d Cir. 2005) (if there remain steps that the plaintiff "can take to have an action reviewed within the agency, then the action is not final."). Indeed, it is well-settled that district courts lack jurisdiction to review status adjustment and eligibility determinations if removal proceedings are simultaneously pending. *Id.* (judicial review is barred if removal proceedings are instituted against the plaintiff because, under 8 C.FR. § 245.2, applications for adjustment of status can be renewed during such proceedings); *see, e.g., Pinho*, 432 F.3d at 200-01 (although an AAO eligibility determination is "final" if removal proceedings have not been initiated, judicial review is barred in cases where removal proceedings have been commenced); *Cabaccang v. USCIS*, 627 F.3d 1313, 1317 (9th Cir. 2010) ("we join our sister circuits in holding

---

[3] As reflected in the decision attached to Plaintiff's complaint, *see* Dkt. Entry 1-2, the AAO applied the prevailing law as to meaning of the waiver provisions of the INA and the requirements an applicant must meet in establishing extreme hardship to his or her qualifying relative. *Id.* at 3-7. Thus, Plaintiff's argument that the AAO misinterpreted the definition of "extreme hardship" does not provide a basis for jurisdiction in this Court. *See Jiminez v. Attorney General*, 358 F. App'x 355, (3d Cir. 2009) (argument that agency misinterpreted "hardship" standard does not raise a colorable question of law).

that district courts lack jurisdiction to review denials of status adjustment if removal proceedings are simultaneously pending") (citing Second Circuit and D.C. Circuit opinions).  Accordingly, Plaintiff's complaint must be dismissed.

## IV.     CONCLUSION

For the reasons above, Defendants' motion to dismiss is granted.  An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 12, 2011